**Chris USHER, Plaintiff–Appellant,**

v.

**CORBIS–SYGMA, f/k/a/ Sygma Photo News, Inc., Sygma S.A.R.L., f/k/a Sygma Paris, Defendants–Appellees.**

No. 08–1317–cv.

United States Court of Appeals, Second Circuit.

April 10, 2009.

Edward C. Greenberg, Law Office of Edward C. Greenberg, New York, NY, for Appellant.

Douglas C. Fairhurst, (Jeffrey L. Loop, on the brief), Dorsey & Whitney LLP, New York, NY, for Appellees.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, Circuit Judges, MARK R. KRAVITZ,* District Judge.

### SUMMARY ORDER

Plaintiff-appellant Chris Usher, a photojournalist, appeals the judgment entered in his favor by the United States District Court for the Southern District of New York (Jones, *J.*), awarding damages for the negligent loss of photographic images by defendants-appellees CorbisSygma, f/k/a Sygma Photo News, Inc., Sygma S.A.R.L., f/k/a/ Sygma Paris ("Corbis"), in the amount of $100,237.13 plus prejudgment interest in the amount of $56, 834.46. We assume the parties' familiarity with the facts, procedural background, and specification of issues on appeal.

We review a district court's factual findings following a bench trial for clear error and its conclusions of law de novo. *Grace*

* The Honorable Mark R. Kravitz, United States District Court for the District of Connecticut, sitting by designation.

*v. Corbis–Sygma,* 487 F.3d 113, 118 (2d Cir.2007). We also review whether a district court applies the correct legal standard de novo. *Id.* at 118–19.

Valuation of lost photographic images "primarily depends on their uniqueness and the plaintiff's earning potential." *Id.* at 119 (quoting *Gasperini v. Ctr. for Humanities, Inc.,* 149 F.3d 137, 141 (2d Cir. 1998) (quotation marks omitted)). The facts in *Grace* demonstrated the difficulty computing damages when "an enormous number of images is missing, the parties are unable to agree on the number of images lost, and the incompleteness of the records available makes it impossible to identify all the images in the 'unique' category." *Id.* In *Grace,* we found that a factfinder is permitted to "make a 'just and reasonable estimate' of the damages caused," *id.* (quoting *Raishevich v. Foster,* 247 F.3d 337, 342 n. 2 (2d Cir.2001) (quoting *Bigelow v. RKO Radio Pictures, Inc.,* 327 U.S. 251, 264, 66 S.Ct. 574, 90 L.Ed. 652 (1946))), and that an estimate should be based on "[r]elevant data." *Id.* We proceeded to articulate a methodology for cases when it is difficult or impossible to calculate damages for lost photographic images with precision. *Id.* at 121–24.

■ Usher's arguments challenge application of the *Grace* methodology under the circumstances of his case. This case, brought against the same defendants as in *Grace,* involves a large number of lost images, a dispute between the parties as to the number of lost images, and inadequate record-keeping that renders evaluation of uniqueness of the images impossible. Accordingly, the district court's application of the *Grace* methodology was appropriate. Usher's past earnings were calculated by reference to a sixteen-month licensing history with Corbis. While the licensing history here was less extensive than in *Grace,* the district court did not err in calculating

past earnings based on the sixteen-month period because those findings were based on the "relevant data" available to the court. *Id.* at 119. Usher's other arguments regarding the district court's use of a past earnings approach to calculating damages are without merit. The district court adhered to the steps of the *Grace* method, and committed no error in its application.

■ Usher asserts that the district court erred by failing to incorporate the uniqueness of his images into the calculation of damages. But, under *Grace,* a district court is not required to specifically address uniqueness when, due to inadequate record-keeping, it is impractical or impossible to evaluate. *Id.* at 123 ("We leave it to the District Court to decide whether to rely on some of the assumptions laid out in the opinion, or to find another way to incorporate uniqueness."). A district court is entitled to account for uniqueness by estimating the photographer's licensing revenue. *See id.* Usher also argues that the district court erred in its application of the *Bigelow* principle, which provides "[w]hen damages are at some unascertainable amount below an upper limit and when the uncertainty arises from the defendant's wrong, the upper limit will be taken as the proper amount." *Grace,* 487 F.3d at 119 (quoting *Raishevich,* 247 F.3d at 343 (quotation marks omitted)). However, the district court was permitted to resolve the number of missing images in Usher's favor by applying the *Bigelow* principle, rather than applying the *Bigelow* principle at a later step in the analysis. See *Grace,* 487 F.3d at 121 n. 1 ("The court may determine, in its discretion, when to apply the [*Bigelow*] principle. . . .").

We find Usher's other arguments to be without merit. For the foregoing reasons,

the judgment of the district court is **AF-FIRMED.**